**Charles L. THOIN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

No. 02–3233.

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 6, 2003.

Before CLEVENGER, RADER and LINN, Circuit Judges.

PER CURIAM.

Charles L. Thoin seeks review of the final decision of the Merit Systems Protection Board ("MSPB"), which affirmed the reconsideration decision of the Office of Personnel Management ("OPM") discontinuing Mr. Thoin's disability annuity payments effective July 1, 1995. OPM determined that Mr. Thoin ceased to qualify for disability annuity payments as of that date, and that the $20,844.57 in payments received by Mr. Thoin thereafter must be repaid to the government in monthly installments of $335.74. OPM also determined that Mr. Thoin does not qualify for a waiver of the obligation to repay the annuity payments he received after July 1, 1995.

In his petition for review to this court, Mr. Thoin asserts that OPM erred in finding that he ceased to qualify for disability annuity payments effective July 1, 1995, and that even if OPM's decision to discon-

tinue payments is correct, OPM erred in failing to waive his obligation to make repayment. Further, Mr. Thoin asks this court to reduce his monthly payment obligation to no more than $50. For the reasons that follow, we *affirm* the final decision of the Board.

I

On August 17, 1981, when Mr. Thoin was 35 years old, he was awarded disability retirement from his GS–11 position as a Supervisory Forester with the United States Forest Service. After his retirement, Mr. Thoin worked successfully as an insurance agent for the New York Life Insurance Company.

The federal law that provides for disability retirement annuity payments, 5 U.S.C. § 8337, provides therein that a disability annuitant who is restored to earning capacity while receiving a disability annuity becomes disqualified to receive disability annuity payments so long as the annuitant's earning capacity has been restored. *See* 5 U.S.C. § 8337(d) (2000). If, in any calendar year, the income from wages or self-employment of a disability annuitant equals at least eighty percent of the current rate of pay for the position from which the annuitant retired, the annuitant is deemed to be restored to earning capacity, *see id.*, and disability payments thereafter cease so long as the annuitant is restored to earning capacity. OPM's regulations precisely detail how an annuitant's income is to be calculated for purposes of application of the eighty percent test, and those regulations require disability annuitants to report income from wages or self-employment to OPM annually.

By notice dated May 21, 1997, OPM informed Mr. Thoin that his reported income for 1994 exceeded eighty percent of the current rate of pay for his GS–11 Supervisory Forester position, and that he had thereafter received disability annuity payments that he must repay to the government. After Mr. Thoin objected to OPM's calculations, OPM on reconsideration dated November 11, 1998, affirmed its initial decision that Mr. Thoin had been restored to earning capacity in 1994.

Mr. Thoin appealed OPM's reconsideration decision to the Board, which sustained OPM's decision that Mr. Thoin had been restored to earning capacity. In its November 8, 1999, decision, the Board determined that OPM had not considered whether Mr. Thoin should be granted a waiver of the duty to repay the overpaid amounts, pursuant to 5 U.S.C. § 8346(b), which provides that recovery of payments by OPM may not be made from an individual when in the judgment of OPM, "the individual is without fault and recovery would be against equity and good conscience." OPM's regulations place the burden on the annuitant to show eligibility for a waiver and specify that entitlement to a waiver can be established by showing that it would be a financial hardship to make the repayment or that recovery would be unconscionable under the circumstances of a given case. 5 C.F.R. § 831.1403 (2002). Even if an annuitant cannot establish entitlement to a complete waiver of the obligation to repay, an annuitant may obtain an adjustment in the recovery schedule upon a showing that the mandated repayment schedule would cause financial hardship to the annuitant. *Id.* § 831.1401.

Because OPM had not considered the possibility of a waiver for Mr. Thoin, the Board remanded the case to OPM for a determination on that issue. On remand, OPM determined, and sustained on reconsideration on May 25, 2000, that Mr. Thoin does not qualify for a waiver and that he

must make 72 monthly installment payments of $335.74.

Mr. Thoin returned to the Board, appealing the final decision by OPM that established once again his restoration to earning capacity in 1994, and the consequences that his disability annuity ceased at that point and that he must repay annuities received thereafter. In an initial decision by the presiding Administrative Judge ("AJ"), dated December 15, 2000, the Board sustained OPM's reconsideration decision, finding on the record before it that Mr. Thoin's monthly income exceeds his monthly expenses by $445, based on data submitted by Mr. Thoin to OPM in the year 2000. The AJ concluded that, on the facts as found, Mr. Thoin failed to show entitlement to a waiver of the duty to repay or an altered repayment schedule. When the full Board denied review on March 5, 2002, the initial decision became the final decision from which Mr. Thoin has timely brought his petition for review to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

Our powers to review a final decision of the Board are constrained by statute. We may not upset or alter a final decision of the Board unless the decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000). When a final decision of the Board rests on findings of fact, we must accept any fact found by the Board for which substantial evidence exists in the record to support it.

■ Mr. Thoin argues that certain automobile expenses associated with his life insurance business should have been treated as expenses of his business, thereby reducing his income in 1994 for purposes of deciding whether he met the eighty percent test. He also argues that OPM should have afforded him a six percent return on investment, as provided by OPM's regulations at 5 C.F.R. § 831.1210(h). Such a return on investment reduces the earnings of the annuitant for purposes of application of the eighty percent test. Either the auto expenses or the return on investment would reduce Mr. Thoin's 1994 income to a level such that he would not satisfy the eighty percent test, and therefore would not be deemed to have been restored to earning capacity.

The problem for Mr. Thoin is that he never established, as he must under the applicable regulations, that the auto expenses were solely associated with his business and that no part of those expenses related to personal use of the automobile in question. *See* 5 C.F.R. § 831.1209(e)(3) (2002). Mr. Thoin argued before the Board, and again in this court, that a circular given him by OPM did not fully explain that any personal use of the automobile would disqualify the expenses for purposes of reducing his income. As the Board noted, it is a fact that OPM's circular was incomplete, but it is also a fact that Mr. Thoin was correctly informed of the applicable automobile regulations in adequate time for him to bring forth evidence that the automobile was never used in 1994 for any personal use. Mr. Thoin brought forth no such evidence. Since Mr. Thoin bore the burden of proving that his disability annuity should not have been discontinued as of July 1, 1995, *id.* § 1201.56(a)(2), his failure to establish the deductibility of the automobile expenses requires us to sustain the Board on this point.

■ Mr. Thoin's argument that OPM and the Board erred in not calculating a return on his investment, under OPM's regulations as set forth at 5 C.F.R.

§ 831.1210(h), and thus concluding that his 1994 earnings did not compel discontinuance of his disability retirement annuity, fares no better. This argument was presented to the Board for the first time in Mr. Thoin's petition for review before the full Board, after the AJ ruled that OPM had correctly declined to waive repayment. The Board's rules require that new matter presented to it must be information not previously available to the petitioner. 5 C.F.R. § 1201.115 (2002). Therefore, the Board declined to consider Mr. Thoin's argument based on section 831.1210(h). Mr. Thoin does not argue here that he could not have advanced this argument either before OPM or before the AJ. Consequently, we have no ground upon which to fault the Board for failing to consider the issue, and we decline to consider the matter for the first time in this court. We thus conclude that Mr. Thoin has failed to demonstrate that his disability annuity was not properly terminated under 5 U.S.C. § 8337(d).

▬ Mr. Thoin further argues that even if the decision to discontinue the annuity is sustained, we should still conclude that OPM erred in finding that he was not entitled to a waiver of the repayment obligation. Under 5 U.S.C. § 8346(b), "recovery of payments under this subchapter may not be made from an individual when, in the judgment of the Office of Personnel Management, the individual is without fault and recovery would be against equity and good conscience." OPM's regulations provide that to demonstrate that recovery would be against equity and good conscience, Mr. Thoin must show one of three conditions: (1) that recovery would cause financial hardship, (2) that because of the incorrect payment he gave up a valuable right or changed his position for the worse, or (3) that recovery would be unconsciona-

ble under the circumstances. 5 C.F.R. § 831.1403 (2002). Mr. Thoin primarily focused his argument on the financial hardship condition, so this will be the focus of our analysis as well. Financial hardship exists when the party claiming it needs substantially all his current income and liquid assets to meet current ordinary and necessary living expenses and liabilities. *Id.* § 831.1404. Mr. Thoin asserts that he meets this test because his expenses are substantially greater than his income and assets. However, the Board found the credibility of Mr. Thoin's expenses to be questionable and concluded that he had "grossly overstated his expenses" while understating his income.[1] The Board pointed to vast changes Mr. Thoin made in his Financial Resources Questionnaires ("FRQ") submitted only nine months apart, where the expenses he listed more than tripled. After concluding that Mr. Thoin's alleged expenses were unreasonable, the Board then recalculated reasonable expenses based on financial data from Mr. Thoin. We cannot say that the Board's decision that Mr. Thoin failed to show entitlement to a waiver is unsupported by substantial evidence. Furthermore, based on the Board's reasonable estimates of $6,249 in monthly income and $5,804 in monthly expenses, based on income tax returns and other financial data, there is also no reason to reduce Mr. Thoin's payments to only $50 monthly.

Because Mr. Thoin has failed to demonstrate any error in law or fact made by the Board in affirming OPM's reconsideration decision, we must affirm the final decision of the Board. *See* 5 U.S.C. § 7703(c) (2000).

---

1. Mr. Thoin had alleged that his monthly ordinary and necessary living expenses and lia- bilities were $8,729.14, while his income was only $3,926.